**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Sara Osorio, Plaintiff
v.
T&R Management LLC & Tomo Popovic and Roza Popovic, individually, Defendants

## COMPLAINT

Sara Osorio ("Plaintiff"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), complains against T&R Management LLC ("T&R"), Tomo Popovic (a.k.a. Tomor Popovic), and Roza Popovic (the "Povovics") (collectively, "Defendants"), and state:

## Introduction

1. Overtime and minimum wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiff earned overtime and minimum wages.

3. Plaintiff is a former employee of the Defendants' and was not paid her earned overtime and minimum wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. Defendants own and manage the properties located at 6128 North Kenmore Avenue and 6163 North Kenmore Avenue (the "properties") in Chicago, Illinois within the three years preceding the filing of this complaint

8. The Popovics reside in and are domiciled in this judicial district.

9. The Popovics are the owners of T&R Management LLC and are involved in the day-to-day business operations of T&R Management LLC and have the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

10. T&R Management LLC is as an enterprise under 29 U.S.C. § 203(r)(1).

11. T&R Management LLC is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. T&R Management LLC had annual gross sales of $500,000.00 or more during the last three years.

13. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

14. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

15. Plaintiff was employed by Defendants in Cook County, which is in this judicial district.

16. Plaintiff worked for Defendants from May 1992 to December 2016.

17. Plaintiff's job functions included showing apartments to prospective tenants and collecting rents from Defendants' tenants.

18. Up until approximately August 2014, Defendants paid Ms. Osorio in cash and check.

19. In lieu of a regular wage each week, Defendants compensated Plaintiff by allowing her to live in one of Defendant's rental units rent-free.

## COUNT I: FLSA Overtime Wage Violation (Collective Action)

20. Plaintiff incorporates all paragraphs above as if fully restated below.

21. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

22. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

23. Throughout the course of Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

24. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

25. Defendants paid Plaintiff her respective regular rate for all hours worked weekly, including hours worked over forty each week.

26. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

27. Plaintiff is not exempt from the overtime provisions of the FLSA.

28. Defendants' failure to pay overtime violated the FLSA.

29. Defendants' FLSA violation was willful.

30. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

### COUNT II: IMWL Overtime Wage Violation

31. Plaintiff incorporate all paragraphs above as if fully restated below.

32. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

33. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

34. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

35. Plaintiff worked more than forty (40) hours in individual work weeks.

36. Defendants did not pay earned overtime wages to the Plaintiff.

37. Plaintiff was not exempt from overtime wages.

38. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's overtime wage provisions.

39. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT III: FLSA Minimum Wage Violation

41. Plaintiff incorporate all paragraphs above as if fully restated below.

42. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

43. This count arises from Defendants' willful violations of the FLSA, for their failure to pay minimum wages to Plaintiff Sara Osorio while working at Defendants' business.

44. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

45. Defendants failed to pay Plaintiff Sara Osorio her earned minimum wages at a rate of at least $8.25 per hour.

46. Plaintiff Sara Osorio was not exempt from the minimum wages provisions of the FLSA.

47. Plaintiff Sara Osorio is due unpaid minimum wages and liquidated damages.

WHEREFORE, Plaintiff Sara Osorio respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of unpaid minimum wages for all time worked by Plaintiff Sara Osorio;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT IV: IMWL Minimum Wage Violation

48. Plaintiff incorporate all paragraphs above as if fully restated below.

49. Plaintiff was not exempt from minimum wages.

50. This count arises from Defendants' violations of the IMWL, for their failure to pay minimum wages to Plaintiff Sara Osorio while working at Defendants' business.

51. Defendants violated the IMWL by failing to compensate Plaintiff Sara Osorio consistent with the IMWL's minimum wage provisions.

52. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

53. Defendants failed to pay Plaintiff Sara Osorio her earned minimum wages at a rate of at least $8.25 per hour.

54. Plaintiff Sara Osorio was not exempt from the minimum wages provisions of the FLSA.

55. Pursuant to 820 ILCS 105/12(a), Plaintiff Sara Osorio is entitled to recover unpaid minimum wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff Sara Osorio respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of minimum wages due to Plaintiff Sara Osorio under the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: FLSA VIOLATION: Retaliation

56. Plaintiffs incorporate all paragraphs above as if fully restated below.

57. This Count arises from Defendant's violation of the FLSA for Defendant's retaliatory acts.

58. On or around November 5, 2016, Plaintiff sent Defendants a settlement demand in an attempt to resolve her wage claims without having to resort to litigation.

59. On November 10, 2016, Defendants fired Plaintiff.

60. On December 19, 2016, Defendants filed an eviction action against Plaintiff in Cook County Circuit Court, case number 2016-M1-722340.

61. Pursuant to Section 15(a)(3) of the FLSA, it is unlawful to discriminate against an employee because such an employee has filed a Complaint under or related to the FLSA.

62. Defendant's retaliatory acts, specifically the Plaintiff's employment termination and civil action filed against Plaintiff, performed after issuing a settlement letter in this matter, violates Section 15(a)(3) of the FLSA.

63. The Plaintiff is entitled to recover such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA.

64. Plaintiff is entitled to damages for emotional distress.

65. Defendants are liable for punitive damages.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in the amount of such legal or equitable relief as may be appropriate to effectuate the purposes of Section 15(a)(3) of the FLSA against Defendants;

B. Declare that Defendants retaliated against the Plaintiff in violation of §15(a)(3) of the FLSA;

C. Award punitive damages;

D. Award damages for emotional distress;

E. Award reasonable attorneys' fees and costs of this action as provided for by the FLSA; and

F. Award such other and any further relief as this Court deems appropriate and just.

Respectfully submitted on Friday, December 30, 2016.

**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-445-9662
bpacheco@yourclg.com